[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12340
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2011
JOHN LEY
CLERK

Agency No. A-095-223-045


ARTAN HULEJ,
MARJANE HULEJ,
a.k.a. Majane Hulej,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 10, 2011)

Before TJOFLAT, MARCUS and KRAVITCH , Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals ("BIA") denied petitioners' application for asylum and ordered their removal to Albania.[1] Petitioners now seek review of that decision in this court.[2] Their brief presents one issue for review: whether substantial evidence supports the BIA's finding that the testimony petitioner Artan Hulej gave before the Immigration Judge ("IJ") in support of petitioners' asylum application was not credible.

We review the BIA's decision as the decision of the agency "except to the extent it expressly adopts the IJ's opinion." *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006). "Insofar as the Board adopts the IJ's reasoning, we review the IJ's decision as well." *Al Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA's affirmance of the IJ's denial of asylum rests solely on the IJ's adverse credibility finding. As such, we limit our review to that finding. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

A credibility finding is a finding of fact reviewed under the substantial

---

[1] Petitioners, natives and citizens of Albania, entered the United States using false passports and visas in October 2001. Petitioner Artan Hulej is the lead petitioner for Marjane Hulej,

[2] The BIA denied petitioners withholding of removal and protection under the U. N. Convention Against Torture as well as their application for asylum. In their brief to this court, they only challenge the asylum decision. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

evidence test; hence, we will reverse such finding "only if the evidence compels a reasonable fact finder to find otherwise." *Id.* at 1230-31 (quotation omitted). Under this highly deferential standard of review, we may not reweigh the evidence and must draw all reasonable inferences in favor of the agency's finding. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).

To establish eligibility for asylum, an alien bears the burden of showing with "credible, direct, and specific evidence" that he is a "refugee" within the meaning of the INA. *Id.* at 1286-87 (citation omitted). The alien may meet this burden by showing either (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of one of the above protected grounds. *Id.* at 1286; 8 C.F.R. § 208.13(b).

The agency's denial of asylum can rest "solely [on] an adverse credibility determination, especially if the alien fails to produce corroborating evidence." *Chen*, 463 F.3d at 1231. However, if the alien produces corroborating evidence, the IJ must consider it. *Forgue*, 401 F.3d at 1287. The IJ must state "specific, cogent reasons" for an adverse credibility finding, and the burden is then shifted to the alien to show that those reasons are not supported by substantial evidence. *Id.* Substantial evidence supports an adverse credibility finding where the alien failed

3

to mention details of his involvement with a political party in his asylum application and interview, raised these details for the first time at his merits hearing, and failed to produce corroborating evidence. *Id.* at 1287-88. We have affirmed an adverse credibility determination that was based on the agency's finding that the alien's testimony conflicted with prior answers given in an affidavit, interrogatories, and other evidence. *Dailide v. U.S. Att'y Gen.*, 387 F.3d 1335, 1343 (11th Cir. 2004).

Here, substantial evidence supports the agency's finding that the testimony of Artan Hulej was not credible, and petitioners have not shown that the record compels a contrary conclusion. During his credible fear interview with an asylum officer, he stated, in response to the question whether he belonged to a political group, that he "liked the Democratic party, but . . . was not a member." He denied he had been harmed in Albania. He came to the United States because, as he put it, "farming . . . could hardly keep us alive." He chose the United States for refuge because he had "a chance to come here with the [fraudulent] documents." Asked whether anyone in Albania had harmed or threatened him, he answered, "No."

In his testimony before the IJ, Hulej told a different story. He was a member of the Democratic Party, having joined it in 1993 at age 13, and he participated "in every meeting." His political activity in the Party escalated until,

4

in his early twenties, he became "a leader of the youth forum . . . a member of the council . . . and . . . a representative for the Democratic Party during the election of [2001]." His candidate won the election on July 15, 2001, and his party is now in power in Albania.

The material inconsistences between Hulej's credible fear interview and his testimony before the IJ were numerous. His contradictory statements about Democratic Party membership and activity are mere examples. The documentary evidence petitioner presented did nothing to enhance Hulej's credibility. Accordingly, suffice it to say that the evidence supporting the agency's adverse credibility finding was substantial.

PETITION DENIED.